## Sell v. Brantner

C. P. of Mercer County, no. 1994-2599.

*John P. Kopesky,* for plaintiff.
*David M. Neuhart,* for defendants.

PARAS, *Arbitrator,* June 10, 2003—And now, to wit, June 10, 2003, following a hearing on May 30, 2003 and subsequent review of evidence submitted by the parties following the hearing, this arbitrator makes the following finding and enters the following award:

## FINDINGS

This arbitrator finds that the claimant, Pamela Sell, was not advised by Dr. James Brantner of the risk of rupture of her breast implants prior to breast augmentation surgery on May 26, 1989. This arbitrator accepts as credible the testimony of Pamela Sell, to the effect that she was not advised as to the risk of future potential rupture and believed that the implants would last her lifetime. Ms. Sell testified credibly that, since this was elective, voluntary surgery, she would have opted against breast implant surgery if she knew or was warned that there was a risk of rupture with attendant surgery to remove ruptured implants. If she had been provided with this information, the claimant forcefully testified that she would have not undergone the procedure.

Dr. Brantner offered detailed testimony concerning the risk of breast augmentation surgery in general as well as the specific risks he conveyed to the claimant. He may have indicated a risk of future surgery if claimant developed capsular contracture, but Dr. Brantner did not testify affirmatively and convincingly that he directly warned Pamela Sell as to the risk of rupture with attendant surgery. Beyond Dr. Brantner's testimony, the "permission for operation" form sets forth certain general risks of breast augmentation surgery, including the risk

of bleeding, infection, poor scarring and unexpected reactions to medications. The consent form sets forth the specific risks associated with her breast augmentation surgery, including capsular contracture, asymmetry, and decreased nipple sensation. The consent form is conspicuous in its failure to list rupture as a potential risk. The package insert for Pamela Sell's implants specifically states that "the patient should be informed that the life expectancy of any implant varies from patient to patient." Under "complications," the package insert sets forth that "the potential for rupture during surgery or even well after surgery (*e.g.,* spontaneously caused by unknown etiology or caused by external trauma-stress-forces.) Ruptured implants, as well as all the gel contents, must be removed because of possible extravasation of the gel." Furthermore, the package insert states that a complication is "rupture due to material fatigue (*i.e.,* crease fold phenomenon). If this phenomenon does occur, additional surgery may be required to remove the gel." This arbitrator did not hear Dr. Brantner testify specifically that he warned Pamela Sell of these complications set forth in the package insert and, furthermore, the A.S.P.R.S. pamphlet on breast augmentation, allegedly provided to the claimant by Dr. Brantner or his office, also fails to list or identify the risk of rupture.

Defendant's expert witness, Dr. Charles E. Pappas, addresses in his report the A.S.P.R.S. booklet and states that in this booklet "that Ms. Sell was exposed to all of the material risks of breast augmentation that were known to us and which were identified and explained, including but not limited to . . . implant rupture." To this arbitrator's review, the A.S.P.R.S. booklet submitted fails

to list implant rupture as a risk of surgery, contrary to Dr. Pappas' assertions in his expert report. Dr. Pappas states that, in paragraphs 4 through 9 of Dr. Mallin's report, Dr. Mallin gives his impression of informed consent, and the multiple risks that in his opinion should have been related to Ms. Sell and Dr. Pappas agrees with the information set forth in those paragraphs. Dr. Pappas then goes on to state that, unfortunately for the veracity of Dr. Mallin's report, Dr. Mallin ignored the information given to Ms. Sell in the A.S.P.R.S. booklet, assuming wrongfully that the A.S.P.R.S. booklet sets forth the risk of rupture. For this reason, this arbitrator cannot accept the findings and conclusions set forth in Dr. Pappas report.

For these reasons, this arbitrator finds that the risk of rupture, although perhaps not the primary risk of breast augmentation surgery, was a known and recognized risk of the procedure which constituted a "material risk" and one which a reasonable and prudent person would have wanted to know of and would have considered material to her decision whether to undergo breast augmentation surgery. This arbitrator finds that Pamela Sell would have considered knowledge of the risk of rupture significant in making her decision and that claimant was not provided with this material risk information.

In regards to damages, this arbitrator recognizes that the claimant had to undergo a surgical procedure for explantation of the implants under general anesthesia. During the surgical procedure, Dr. Lu-Jean Feng's records reveal that it was necessary to remove the implants from a different surgical site than the one into which they were inserted, resulting in new incisions made in the inframammary folds. Although the claimant presumably has

some scarring underneath her breasts from this procedure, this arbitrator was not shown the scars or provided with photographic evidence of the same. The claimant testified that there were tender and painful scarring areas on her breasts from drainage tubes, but there was no medical evidence submitted verifying or causally connecting these complaints to the removal surgery. She also paid for the removal procedure. Therefore, this arbitrator finds that the claimant's damages consist of having to undergo the second surgical procedure with its consequent recovery and costs. This arbitrator further recognizes that the claimant may have some scarring from the removal procedure, but that the scarring is limited to incisional scars underneath her breasts, and is not highly visible or grossly disfiguring or else this arbitrator would have seen it. As a result of the foregoing, this arbitrator enters an award of damages in the claimant's favor in the amount of $40,000.

## AWARD

I, the undersigned arbitrator, Harry M. Paras, Esquire, having been duly appointed by the court and sworn make the following award:

The arbitrator enters an award in favor of the claimant, Pamela C. Sell and against the defendant, James N. Brantner M.D., in the amount of $40,000.